UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:23-cr-0320 KJM |
| Plaintiff, | ORDER |
| v. | |
| Shahriar "Sean" Loloee, et al., | |
| Defendants. | |

Defendant Shahriar "Sean" Loloee moves to suppress statements he made in a deposition in a civil action, *Su v. SL One Global, Inc.*, No. 2:22-cv-00583-WBS-SCR. *See generally* Mot. Suppress, ECF No. 73. He attaches excerpts of the deposition transcript to his motion and moves to file those excerpts under seal.

"The Supreme Court has explained that openness enhances both the fairness of a criminal trial and the appearance of fairness that is essential to public confidence in the system." *United States v. Guerrero*, 693 F.3d 990, 1000 (9th Cir. 2012) (citing *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). "Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990). That right extends generally to pretrial hearings on motions to suppress. *See United States v. Brooklier*, 685 F.2d 1162, 1170–71 (9th Cir. 1982). The First Amendment right to access "can be overcome 'only by an overriding

1

1  interest based on findings that closure is essential to preserve higher values and is narrowly
2  tailored to serve that interest.'" *Guerrero*, 693 F.3d at 1000 (quoting *Press-Enter.*, 478 U.S. at 9).

3  Federal courts also have recognized a common law presumption that documents filed in
4  both civil and criminal cases will be open to the public. *See San Jose Mercury News, Inc. v. U.S.
5  Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). "A party seeking to seal a judicial record can
6  overcome this presumption only by showing a 'compelling reason.'" *United States v. Sleugh*,
7  896 F.3d 1007, 1013 (9th Cir. 2018) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
8  809 F.3d 1092, 1096 (9th Cir. 2016)). An applicable protective order is not normally itself a
9  "compelling reason" under that standard. *See Kamakana v. City & County of Honolulu*,
10 447 F.3d 1172, 1183 (9th Cir. 2006).

11 Defendant contends nondisclosure is necessary in this case "to protect the confidential and
12 sensitive nature of the information contained in the documents." Req. Seal at 2 (in camera). He
13 also contends the excerpts contain "sensitive financial and business information," and he
14 contends his testimony was "extracted involuntarily and in violation of [his] constitutional rights
15 under the Fourth Amendment and Fifth Amendment." *Id.* He does not support these assertions
16 with particular citations to the excerpts in question, with descriptions of the sensitive information
17 he seeks to protect from disclosure, or with an explanation of why disclosure would cause any
18 specific harm. Nor does he propose redactions or similar measures to obscure only particularly
19 sensitive or personal information. The court has reviewed the excerpts in question. They do not
20 include references to the Fourth or Fifth Amendments or objections along those lines, and a
21 preliminary review does not establish their disclosure would reveal obviously sensitive and
22 private information, such as, for example, account numbers or trade secrets.

23 Defendant's generic assertions of privacy and constitutional rights do not support his
24 request. Nor does his invocation of the government's identification of the transcript as
25 confidential. The request to seal is **denied without prejudice to renewal.** Any renewed request
26 must be filed **within fourteen days** and must be accompanied by an explanation of why
27 nondisclosure is appropriate under the tests summarized above. If no renewed request is filed,
28 defendant must file a copy of the exhibit in question on the public docket of this action.

1       IT IS SO ORDERED.

2    DATED: August 14, 2024.

3

                    CHIEF UNITED STATES DISTRICT JUDGE